FILED
DEC 0 4 2002
AT 8:30          M
WILLIAM T. WALSH
     CLERK

DEC 0 4 2002

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA : | Crim. No. 02-320 (AET) |
| v. : | |
| LACY J. GOGGANS, : | Hon. Anne E. Thompson |
| RONALD BLACKWELL, | |
|    a/k/a "Spigg-Nice," : | |
| TRENELL J. COLEMAN, | |
|    a/k/a "Supreme," : | |
|    a/k/a "Preme," and | |
| RYAN J. WASHINGTON, : | O R D E R |
|    a/k/a "Born" | |

This matter, having come before the Court on pre-trial motions of defendants Lacy J. Goggans (Robert DiDio, Esq., appearing), Ronald Blackwell (Victor Caola, Esq., appearing), Trenell J. Coleman (John M. Holliday, Esq., appearing), and Ryan J. Washington (David L. Rhoads, Esq., appearing), and the United States, by Christopher J. Christie, United States Attorney (Treby Williams and David A. Bocian, Assistant U.S. Attorneys, appearing) having opposed the defendants' motions and having cross-moved for reciprocal discovery; the Court having considered the briefs submitted by counsel; the Court having heard oral argument on November 20, 2002, with the defendants present; for the reasons set forth on the record by the Court on November 20, 2002, and for good cause shown,

IT IS ORDERED, on this 27 day of November, 2002, that:

(1) Defendants' motion for a bill of particulars is

DENIED;

(2) Defendants' motion to sever the counts of the Indictment is DENIED;

(3) Defendant Blackwell's motion to sever his trial from that of the remaining defendants is DENIED;

(4) Defendants' motion for the production of all statements by and acts of co-conspirators is DENIED;

(5) Defendants' motion for production of materials pursuant to Fed. R. Evid. 404(b) is DENIED as moot, as the Government shall comply with the notice requirements contained in the Court's Standing Discovery Order;

(6) Defendants' motion for production of materials pursuant to Brady v. Maryland and its progeny is DENIED as moot, as the Government recognizes its Brady obligations and shall comply with the Court's Standing Discovery Order;

(7) Defendants' motion for law enforcement officers to retain rough notes is GRANTED; to the extent that defendants seek production of rough notes, defendants' motion is DENIED as premature;

(8) Defendants' motion for early production of statements pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2, is DENIED as moot, as the government voluntarily agrees to produce Jencks material prior to the testimony of each witness;

(9) Defendants' motion requiring the Government to

provide written summaries of expert testimony is DENIED as premature, as the government voluntarily agrees to provide the summaries of expert witnesses reasonably in advance of trial, to the extent such witnesses are known to the Government at that time;

(10) Defendant Goggans' motion to suppress evidence seized from his person incident to arrest is adjourned until December 13, 2002, at which time the Court will hear testimony on the issue of whether probable cause existed to effectuate the arrest and subsequent search of defendant Goggans;

(11) Defendant Blackwell's motion to suppress evidence seized from his person incident to arrest is adjourned until December 13, 2002, at which time the Court will hear testimony on the issue of whether probable cause existed to effectuate the arrest and subsequent search of defendant Blackwell;

(12) Defendant Washington's motion to suppress evidence seized from his person incident to arrest is adjourned until December 13, 2002, at which time the Court will hear testimony on the issue of whether probable cause existed to effectuate the arrest and subsequent search of defendant Washington;

(13) Defendant Coleman's motion to suppress any post-arrest statements of defendant Coleman is DENIED as moot as the government does not presently intend to offer into evidence any post-arrest statements of defendant Coleman;

(14) Defendants Washington's and Blackwell's motion to

suppress evidence seized from the Cadillac in which defendants Washington, Coleman and Blackwell were arrested, including firearms recovered, is adjourned until December 13, 2002, at which time the Court will hear testimony on the issue of whether probable cause existed to effectuate the arrests;

(15) Defendants' motion for the disclosure of confidential informants is DENIED;

(16) Defendants' motion to file additional motions is DENIED; however, upon obtaining leave of Court, defendants' may file additional motions;

(17) Defendants' motion for the Court to conduct an evidentiary hearing on the reliability of DNA testing is DENIED; and,

(18) The Government's motion for reciprocal discovery is GRANTED.

HON. ANNE E. THOMPSON
UNITED STATES DISTRICT JUDGE